UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WALTER STROUD and TONDALAH STROUD, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:20-CV-155-TLS-JEM |
| MAJESTIC HOLDCO, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On April 14, 2020, Plaintiffs filed their Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiffs and each defendant, and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Complaint alleges that at the time of their injuries, Plaintiffs had "a principal residence" in Texas, but that they now have a "principal residence" in Illinois. These allegations are insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person

intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, Plaintiffs must specifically allege their domiciles, both at the time of the alleged incident and at the time the complaint was filed.

Addressing Defendants' citizenship, Plaintiffs state that The Majestic Star Casino, LLC is a "corporation organized and existing under the laws of the State of Indiana," while Majestic Holdco, LLC and The Majestic Star Casino, II, LLC are "corporation[s] organized and existing under the laws of the State of Delaware." However, a limited liability company is analogous to a partnership, and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the citizenship of those members must also be pled. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Plaintiffs must plead the citizenship of the members of each of the defendant LLCs.

Accordingly, the Court **ORDERS** Plaintiffs to **FILE**, on or before **June 25, 2020**, a supplemental jurisdictional statement alleging Plaintiffs' domicile(s) and the citizenships of Defendants' members, as described above.

SO ORDERED this 5th day of June, 2020.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record